R. D. HUME ET AL., RESPONDENTS, v. JOHN H. NORRIS, APPELLANT.

SHERIFF—DEFINITION OF.—The word "sheriff," in § 110, Subd. 1, of the Civil Code, is a generic term, and comprehends constable, whose duties are of a like nature.

CONSTABLE—DUTY OF, WHERE SURETIES IN A CIVIL ACTION SURRENDER THEIR PRINCIPAL.—Where a constable executes a writ of arrest, in a civil action, and the sureties subsequently deliver the party back into his custody, it is his duty to acknowledge the return of the party by certificate indorsed upon a certified copy of the undertaking of bail.

APPEAL from Multnomah County.

The facts are stated in the opinion of the Court.

*Caples & Mulkey*, for Appellant.

*F. R. Strong*, for Respondents.

By the Court, McARTHUR, J.:

Shaeffer was arrested upon a civil process, issued out of a Justice's Court, in an action in which one Paddock was plaintiff, and he (S.) defendant. The process was executed by Norris, who was constable in the precinct in which the action was brought. Subsequently, Shaeffer gave the necessary undertaking, for release from custody, with Hume and Herman as sureties. Afterwards, the sureties, desiring to surrender S., caused a certified copy of the undertaking of bail to be delivered to Norris, and gave into his care and keeping the body of said S., and then and there demanded that he should acknowledge such surrender by certificate in writing, upon the certified copy of the undertaking. This, Norris refused to do. The court below, upon the petition of the respondents, and after a hearing, ordered a peremptory mandamus to issue to appellant to make such certificate, and this is charged as error. We are of opinion that it is not error. By § 12 of the Justices' Code, the provisional remedies of arrest, attachment, and delivery of personal property, are extended to the Justices' Courts. Writs issued out of those courts are allowed to be served by the constable; in fact, he is the executive officer of the said courts. (Mis. Laws, ch. 42, §§ 36, 37; Jus. Code, §§ 9, 13.)

Norris executed this writ, and accepted Shaeffer after he was surrendered, but refused the certificate; and the argument to sustain such refusal is based upon § 110 of the Code of Civil Procedure, which provides in subdivision 1 that "a certified copy of the undertaking of bail shall be delivered to the sheriff," etc. The sheriff being the only officer designated, it is contended that therefore to him alone can a surrender be made. Such a construction would, in effect, prevent the jurisdiction of the Justices' Courts extending to the matters enumerated in § 12, above referred to, for we find that in those sections of the Code pointing out the methods by which the benefits of the provisional remedies, above mentioned, are procured, acts are required to be performed by the sheriff and the clerk. Justices' Courts have

Points decided.

no such officer as clerk; and if no one but a clerk can issue writs in the provisional remedies, then justices of the peace cannot exert their jurisdiction in those matters. The true rule is, that when, in an action in the Justices' Court, a party desires to resort to any of the provisional remedies above named, the justice should perform, as nearly as may be, all those acts that are required to be performed by the clerk in like cases in courts of record; and the constable, if the writ is put in his hands, should perform all those acts that are required to be performed by the sheriff. In that manner alone can the jurisdiction of the Justice's Court be fully and adequately extended under § 12. The word "sheriff," in § 110, subdivision 1, must be held to be a generic term. In *Winchell* v. *Pond* (19 Vermont, 198), the court, in passing upon a statute which provided that "no sheriff or deputy sheriff shall be allowed to make any writ, declaration," etc., held the word "sheriff" to be a generic term, and to comprehend the entire class of executive officers, including constables, whose duties are of a like nature. And such is our view of the word in the section under consideration.

The writ under which Shaeffer was arrested was put into the hands of constable Norris. He executed it. To him Shaeffer was surrendered, and it was his duty to acknowledge such surrender by a certificate in writing upon the certified copy of the undertaking of bail presented by the sureties.

Judgment affirmed.